Dear Mr. Roberson:
We are in receipt of your request for an Attorney General's opinion regarding nominating petitions. You are concerned with the submission of nominating petitions for the upcoming City Council elections, in which qualifying is July 27-29, 1994. The proposed districts for the council elections have not been approved by the U.S. Justice Department and have only recently been submitted for preclearance. A person may began gathering signatures to be nominated as a candidate in this election on March 29, 1994, and must submit the nominating petition to the registrar by June 29, 1994. Therefore, you seek an opinion on the following questions:
 1. What boundary lines should be used in gathering signatures on nominating petitions where the reapportionment plan for the office has not yet been precleared by the U.S. Justice Department?
 2. Are signatures valid if they were gathered in areas that are not common to both the old and new districts, and done so prior to the preclearance of the reapportionment plan?
 3. If the reapportionment plan is not precleared prior to the deadline for the submission of nominating petitions to the registrar (June 29, 1994), can this deadline be extended to allow candidates the full 120 day period to gather signatures from the precleared districts?
In response to your questions, LSA-R.S. 18:465 provides, in pertinent part:
 B. Method of nominating candidates. A person may only be nominated as a candidate in a primary election by persons who are registered to vote on the office he seeks who sign a nominating petition for him no more than one hundred twenty days before the qualifying period opens for candidates in the primary election . . .
 E. Certification. (a) A nominating petition shall be submitted to the registrars of voters in the parishes where the signers reside not less than thirty days before the qualifying period ends for candidates in the primary election . . . (Emphasis added.)
Section 5 of the Voting Rights Act of 1965, as amended,42 U.S.C. § 1973c, requires "preclearance" from the United States Attorney General before implementing any new standard, practice, or procedure that affects voting. A reapportionment plan is one which affects voting and is therefore, subject to preclearance and is not valid and may not be implemented prior to being precleared by the Justice Department.
Our response to your first question is that the new district lines should be used in the gathering of signatures on nominating petitions, due to the fact that if such lines are precleared by the Justice Department then the persons signing the petition would be those registered to vote on the office. If the old lines were used and then preclearance was received, the petition may contain signatures of persons who are not registered to vote on the office. Therefore, it is our opinion that signatures should be gathered from the area constituting the new reapportioned districts.
In response to your second question, from our analysis above, it is our opinion that signatures from persons in new reapportioned districts, who are registered to vote on the office the candidate seeks, are valid signatures; however, if signatures are gathered from areas that are not within the new reapportioned districts, then they are not valid signatures.
In response to your third question, we find no authority in the law to allow for the deadline for the certification of nominating petitions to be extended. The law does provide for another method of qualifying. A person may qualify by a qualifying fee in accordance with LSA-R.S. 18:461.
We hope that this opinion sufficiently addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL/pb/0218s